

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL.

August 7, 1952

Hon. Coke R. Stevenson, Jr.   Opinion No. V-1495
Administrator
Texas Liquor Control Board   Re:  Discretionary or
Austin, Texas                  mandatory character
                             of the provision in
                             Article 667-21,V.P.C.,
                             for license cancella-
                             tion following a
                             thirty-day suspension
                             of the license.

Dear Sir:

You have requested of this office an interpretation of Articles 667-19A and 667-21, Vernon's Penal Code, with reference to the authority of the Texas Liquor Control Board to suspend summarily a retail beer dealer's license after a breach of the peace has occurred on the licensed premises, the hearing thereon, and the cancellation or suspension of the license after the hearing. Your questions are as follows:

"With reference to the foregoing Section 21, I respectfully request your opinion on each of the following questions:

"1. Whether or not the Administrator has the discretionary authority to issue a summary suspension prior to the scheduled date for hearing a case.

"2. Whether or not the Administrator has the discretionary authority to summarily suspend a license for a period less than 30 days.

"3. Whether or not the Administrator has the authority to grant a postponement of the case, at the request of the licensee, to a date beyond the expiration of the initial thirty days' summary suspension.

"4. If your answer to question No. 3 is in the affirmative, does the summary suspension remain in effect until the re-scheduled date of

hearing, or does it expire at the end of
the initial thirty days?

"5. Where a 'breach of peace' has
occurred on the premises, resulting from
improper supervision by licensee, may the
Administrator under the provisions of Arti-
cle 667-19A, Vernon's Penal Code, suspend
the license for any period up to sixty days,
in lieu of outright cancellation, as men-
tioned in Article 667-21, Vernon's Penal
Code?"

Article 667-21, Vernon's Penal Code, reads
as follows:

"The Board or Administrator shall have
the power and authority to suspend for a
length of time not exceeding thirty (30)
days the license of any retail beer dealer
upon ascertaining that any act constitut-
ing a breach of the peace has occurred upon
the premises covered by the license of such
retail dealer or under his control, and at
the expiration of the date to which such
license has been suspended the Board or Ad-
ministrator shall cancel the license unless
it shall have been shown to the satisfaction
of the Board or Administrator that the act
was beyond the control of the person holding
the license and did not result from improper
supervision by the licensee of the conduct
of persons permitted by him to be on the
licensed premises or premises under his con-
trol."

At the outset it should be noted that the
above quoted statute authorizes the Texas Liquor Con-
trol Board or its Administrator to take two separate
actions with regard to the cancellation or suspension
of a retail beer dealer's license. The first of these
is a preliminary suspension of the license after it
has been ascertained that a breach of the peace has
occurred on the licensed premises. This initial sus-
pension period is only temporary, and it may not ex-
ceed thirty days' duration. The next action author-
ized is the permanent disposition of the license. The
license must be cancelled unless the licensee can show

that the breach of the peace did not occur because of improper supervision of the premises. Bearing in mind these two separate steps, we turn first to your questions concerning the nature of the initial suspension.

A license or permit to sell beer or other intoxicating liquor is not a property right, but is a personal privilege which is accepted subject to certain conditions set forth in the statute that authorizes its issuance. Since a license is a privilege rather than a right, questions concerning its cancellation or suspension are properly committed to an administrative agency. Thus, in accepting his license, the retail beer licensee agrees that the Texas Liquor Control Board shall have the authority to suspend or cancel his license for any one of a number of causes set forth in the statute. Jones v. Marsh, 148 Tex. 362, 224 S.W. 2d 198 (1949); Texas Liquor Control Board v. O'Fallon, 189 S.W.2d 885 (Tex.Civ.App. 1945).

Article 667-21, supra, provides that the Board or Administrator "shall have the power and authority to suspend for a length of time not exceeding thirty (30) days" a retail beer dealer's license, upon ascertaining that a breach of the peace has occurred on the dealer's premises. Neither by express language nor by reasonable implication does this statute require that a licensee be granted a hearing before this initial suspension may be imposed, and we are unable to find such a requirement in any other provision of the Liquor Control Act. Summary action is often deemed necessary in dealing with such things as public health and morals, and in the absence of any express or implied provision to the contrary, a statute of this nature contemplates that an administrative body is vested with a summary power. Darling Apartment Co. v. Springer, 22 A.2d 397 (Del.Sup. 1941).

The language quoted in the preceding paragraph does not impose upon the Board a mandatory duty to suspend a dealer's license on the sole basis of the occurrence of the breach of the peace. It merely authorizes the Board to do so. Nor does it require that the suspension remain in effect for any definite period of time, so long as it does not exceed thirty days. It is our opinion, therefore, that the Texas Liquor Control Board has the discretionary authority, upon ascertaining that a breach of the peace has occurred on the licensed premises of a retail beer dealer, to suspend summarily the dealer's license for any length of time up to a maximum

of thirty days, and this authority may be exercised prior to a hearing to determine what further action is warranted. This answers your first and second questions in the affirmative.

Article 667-21 was enacted for the purpose of providing a specific cause for the cancellation of a retail beer dealer's license. It is not a procedural statute, and provision for a hearing is made only by implication. A license should be cancelled "unless it is shown to the satisfaction of the Board or Administrator that the act was beyond the control of the person holding the license." Thus the licensee must be granted a hearing in order that he may have an opportunity to show that the breach of the peace was not the result of improper supervision.

The statute is also silent as to the time at which the hearings must be held, and no provision is made respecting postponements. Article 667-20, Vernon's Penal Code, which deals with cancellation hearings generally, merely gives the Board the power "to fix a date for hearing." However, the authority to hold hearings carries with it the power to prescribe procedure, in the absence of any such designation in the statute. 3 Sutherland on Statutory Construction (3rd ed. 1943) 267. Ordinarily the implied power of the Board or Administrator to prescribe reasonable procedural steps would include the authority to grant postponements of hearings.

However, Article 667-21 provides that "at the expiration of the date to which such license has been suspended" the license shall be cancelled unless it is shown that it was beyond the power of the licensee to prevent the breach of the peace. This language clearly implies that permanent action, either by way of cancellation or reinstatement of the license, must be taken before the initial summary suspension expires. It follows that the hearing may not be postponed beyond that date. In other words, if the Board deems it necessary to suspend a dealer's license for a breach of the peace, it must either cancel or reinstate the license within a maximum of thirty days after it imposes the suspension. This answers your third question in the negative and renders it unnecessary to answer your fourth question.

Article 667-19A, Vernon's Penal Code, reads as follows:

"As to any causes for cancellation of licenses herein provided, in lieu of such cancellation, the Board or Administrator shall have the discretionary power and authority to suspend any such license for a period not to exceed sixty (60) days."

Article 667-21, supra, was enacted in its present form as a part of House Bill 5, Acts 45th Leg., R.S. 1937, ch. 448, p. 1053. Section 19A, however, was enacted at a subsequent session of the Legislature. It was made a part of the Texas Liquor Control Act by Senate Bill 117, Acts 48th Leg., 1943, ch. 325, p. 509. Section 19 of the latter Act reads, in part, as follows:

"Sec. 19. That Article II, Chapter 467, Acts of the Second Called Session of the 44th Legislature, as amended by Article III of Chapter 495, Acts of the Third Called Session of the 44th Legislature, and by Chapter 448, being House Bill No. 5, Acts of the Regular Session of the 45th Legislature, and by Chapter 13, being Senate Bill No. 20, Acts of the First Called Session of the 45th Legislature, and by Senate Bill No. 414, Acts of the Regular Session of the 47th Legislature, be further amended by the addition of new Sections designated as Sections 5-A, 19-A, and 19-B, all of which shall hereafter read as follows: . . ."

Thus it is apparent that Section 19A was intended as an amendment to Article II of the Liquor Control Act as a whole, or Article 667-1 et seq, Vernon's Penal Code, rather than an addition to any particular section of the Act.

Article 667-21 provides that "the Board or Administrator shall cancel the license" of a retail beer licensee who has permitted a breach of the peace to occur on his premises. Article 667-19A, however, provides for a sixty-day suspension of the license in lieu of cancellation "as to any causes of cancellation herein provided." Since Section 19A is the more recent enactment and applies to Article II of the Liquor Control Act as a whole rather than to any one of its sections, it impliedly amends Section 21 by adding the sixty-day

suspension provision as an alternative penalty for violations. We are of the opinion, therefore, that a retail beer dealer's license need not be cancelled when it is found that a breach of the peace has occurred on his premises, but the license may be suspended for a period up to sixty days. This answers your fifth question in the affirmative.

## SUMMARY

Article 667-21, Vernon's Penal Code, authorizes the Texas Liquor Control Board or its Administrator to suspend summarily a retail beer dealer's license for a period of thirty days or less, upon ascertaining that a breach of the peace has occurred on the licensed premises. A hearing to determine whether the breach could have been prevented by the licensee must be held before the summary suspension expires. Upon ascertaining that the breach of the peace could have been prevented by the licensee, the Board or its Administrator is authorized by Article 667-19A, Vernon's Penal Code, to suspend the license for a maximum of sixty days, in lieu of cancellation.

APPROVED

Ned McDaniel
State Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By *Calvin B. Garwood, J.*
Calvin B. Garwood, Jr.
Assistant